```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    EASTERN DIVISION
```

BILLY FREEMAN                                          PETITIONER

vs.              Civil Case No. 2:05CV00344 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                            RESPONDENT

MEMORANDUM AND ORDER

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Billy Freeman, an inmate of the Federal Correctional Institution (FCI) in Forrest City, Arkansas, who is serving a sentence of thirteen months imposed in this district on an unspecified date for violation of the Hobbs Act. Petitioner does not challenge his conviction or his sentence. His only claim in this petition is his challenge to the Bureau of Prison's (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the statute that governs the transfer of inmates to community correctional centers (CCCs) prior to their release from imprisonment. He contends he is entitled to

---

[1] That statute provides as follows:

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

serve the last six months of his sentence in a CCC, but the BOP has denied his request for such a transfer, citing a policy that took effect on February 15, 2005.[2]

Respondent contends the BOP denied Petitioner CCC placement because of the State of Arkansas has lodged a detainer regarding him.  She has submitted the affidavit of James D. Crook, Supervisory Attorney for the BOP, who attests that, under Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure (submitted with a group of unmarked documents referred to as Attachment 2 to the statement of James D. Crook), inmates "with unresolved charges or detainers which will likely result in arrests, convictions, or confinement will not be considered for a CCC program."  Respondent states Petitioner's projected release date from his federal sentence is May 14, 2006, but he has a six year concurrent sentence from Arkansas that he has to finish serving and he will be picked up by Arkansas authorities at the conclusion of his federal sentence.

---

[2] Several recent cases in this district have addressed the BOP's policy and rule change regarding transfers to CCCs.  See Jones v. Sanders, NO. 2:05CV00047 (E.D.Ark.June 7, 2005), Mayers v. Sanders, NO. 2:05CV00055 (E.D.Ark.June 7, 2005), Fults v. Sanders, NO. 2:05CV00091 (E.D.Ark. July 22, 2005) and Rodriquez v. Sanders, NO. 2:05CV00067 (E.D.Ark. Aug. 30, 2005).  Respondent filed a notice of appeal on September 13, 2005, in Fults v. Sanders, USCA Case No. 05-3490.  This court and other courts in this district have found that inmates have a right to be considered for such a transfer in accordance with the factors taken into account by the BOP under its policy in effect prior to December 2002.

Petitioner does not dispute that the BOP's refusal to consider him for CCC placement is because of Arkansas' detainer. This decision has no relation to the arguments Petitioner presents regarding the recent policy changes. Petitioner also does not challenge the power of the BOP to deny transfer to a CCC to an inmate who has a detainer lodged against him. He merely contends in his Reply, and it appears from his exhibits, that he will be considered for parole from his Arkansas sentence on March 28, 2006 (See letter from Angela Robinson attached to Reply). He also contends "there's a strong indication that the State of Arkansas will remove the detainer before March 28, 2006," but he does not explain this statement.

Petitioner's complaint in this case is premature. If he gains parole from his Arkansas sentence and Arkansas authorities remove the detainer, he can then re-apply for transfer to a CCC, but he has no standing at this time to challenge a policy that has not resulted in harm to him. See Bennett v. Spear, 520 U.S. 154, 162 (1997) (stating that "to satisfy the case or controversy requirement of Article III, which is the irreducible constitutional minimum of standing, a plaintiff must, generally speaking, demonstrate that he has suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision") (citations and internal quotations omitted).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed without prejudice. The relief prayed for is denied.

SO ORDERED this 5th day of April, 2006.

_Henry L. Jones, Jr._
United States Magistrate Judge